UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TORRES RAMIREZ, | No. 2:16-cv-1304-EFB P |
| Petitioner, | |
| v. | ORDER |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner, a state prisoner without counsel, has filed a motion for an extension of time without filing a petition for writ of habeas corpus. The filing does not provide any specifics regarding petitioner's state conviction or contain any claims for relief.

To commence a civil action, a party is required to file a complaint or petition. Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003). Petitioner's filing constitutes neither and he has thus failed to properly commence this action. *See Delarm v. McDonald*, No. Civ-S-11-0750-CKD P, 2011 WL 6012346, *2 n.6 (E.D. Cal. Dec. 1, 2011) ("filing a request for an extension of time to file a § 2254 habeas petition before the petition has actually been filed is not proper as there is no § 2254 action until the petition has been filed . . . ."). The court requires that all petitions for writs of habeas corpus be filed on the proper form, which is provided by this court. L.R. 190(b); *see also* Rule 2(c)-(d). Rules Governing § 2254 Cases.

1  Petitioner is warned that his filing does not act as a protective petition for purposes of the
2  Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitation.  If
3  petitioner wishes to proceed with this case, he must file a petition.

4  Accordingly, it is hereby ORDERED that the Clerk of the Court shall send to petitioner
5  the court's form for application for writ of habeas corpus.  Within 30 days of the date of this order,
6  petitioner shall file a petition for writ of habeas corpus.  Failure to comply with this order may
7  result in this case being closed.

8  DATED:  June 20, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE